SWIFT, Judge.
MOTION TO DISMISS
On May 8, 1980, we ordered the plaintiff-appellant to show cause, on or before May 20, 1980, why his appeals in the above captioned lawsuits should not be dismissed as being untimely perfected. No response has been made.
The record shows that these lawsuits were dismissed for lack of prosecution by an order dated October 11, 1979. The motion for a devolutive appeal was signed on January 11, 1980. The court minutes reflect that the above matter was finally heard on July 30, 1979. Counsel for both parties were present. After argument was presented the trial court ruled from the bench that the case would be dismissed due to five (5) year abandonment. Notice of judgment was not required in this case as it was not taken under advisement and no notice of judgment was requested by the parties. LSA-C.C.P. arts. 1913-1914.
According to LSA-C.C.P. art. 1974, the delay for applying for a new trial is seven days exclusive of legal holidays. The delay begins to run on the day after the judgment was signed.
The delay for taking a devolutive appeal, pursuant to LSA-C.C.P. art. 2087, is sixty days from the expiration of the seven day delay for requesting a new trial.
In the present case, the order of appeal was signed 90 days after the judgment was signed. It was 23 days beyond the time limit for a devolutive appeal. Accordingly, this appeal must be dismissed as being untimely.

APPEAL DISMISSED.